## WYNN *v.* SOUTH RIVER BRICK COMPANY.

*Simmons, C. J.*—1. Where, upon the trial in a justice's court of an action against the owner of realty to enforce the collection of an alleged materialman's lien for materials furnished a contractor for use in constructing a building on such realty, the plaintiff, a corporation, proved nothing except that the owner "had been notified in writing by the plaintiff of its intention to hold him responsible for the amount of the said material," there was no error in rendering a judgment for the defendant. It was certainly incumbent upon the plaintiff to show the existence of its alleged lien, and to prove that the defendant was liable to it in some amount thereon.

2. Irrespective of the question whether the act of December 18th, 1893 (Acts of 1893, p. 34), amending section 1979 of the code, is or is not unconstitutional, as containing matter different from what is expressed in the title thereof, the judgment in the justice's court was the only one that could have been legally rendered, and it was therefore error to set it aside on *certiorari*.

                                        *Judgment reversed.*

May 23, 1896.  By two Justices.  Argued at the last term.

*Certiorari.*  Before Judge Butt.    Monroe superior court.    February term, 1895.

The South River Brick Company brought its petition for *certiorari*, alleging as follows: There came on for trial at the January term, 1895, of a named justice's court, a suit instituted by petitioner against E. T. Wynn on a materialman's lien for material to the amount of $99.50, furnished to J. A. Hanes, a contractor, said material used in the construction of a storehouse for said Wynn during the year 1894, which store building is yet uncompleted. Upon said case being called, both parties announced ready; and plaintiff introduced E. T. Wynn who swore that he had been notified in writing by the plaintiffs of their intention to hold him responsible for the amount of the said material, on October 25th, 1894. Plaintiff closed. There were no material witnesses sworn by the defence; the line of defence being a want of compliance with the law in giving written notice to the defendant or owner of the building, upon the part of the plaintiffs or materialmen, thereby releasing him (the owner) from all liability upon said materialman's lien. Copy of the lien duly recorded is hereto attached, marked "Exhibit A." Also, copy of said written notice is hereto attached, marked "Exhibit B." The court rendered judgment against the plaintiff in favor of the defendant, predicated upon the following grounds: the court held that it was necessary for the plaintiff or materialman to notify the true owner of the building thirty days after the material was furnished to said contractor, in order to bind the said real estate and owner for the twenty-five per cent. of the contract price of the work done or material furnished, which the plaintiff failed to do in this case. Plaintiff, being dissatisfied with said judgment, assigns it as error; and prays for the writ of *certiorari*, etc.

Attached to the petition are what purport to be copies of the recorded claim of lien for brick furnished to J. A. Hanes, contractor, from August 3, to September 14, 1894, and of the notice from plaintiff to defendant, dated October 25, 1894. Neither of these copies appears to be

marked ."Exhibit A" or "Exhibit B," nor does it appear that either was introduced in evidence. The answer of the justice to the writ of *certiorari* appears to be written upon the petition therefor, in these words (after stating the case): "Suit brought as above stated, and case heard, resulting in judgment being rendered as set forth in the petition for *certiorari.* The within papers are in substance true statement of the case as it was heard and decided."

The judge sustained the *certiorari* and ordered that the case be remanded to the justice's court for a rehearing, upon the ground, "that it is unnecessary for the materialman to give notice of their claim against the true owner of the building within thirty days after the material is furnished, in order to establish the lien allowed by law; but that if it is given within thirty days after the material is furnished, or thirty days after building is completed, the notice is in time." To this judgment the defendant excepted.

*Stone & Clark,* for plaintiff in error.
*Persons & Persons,* by *Culberson & Blalock,* contra.